## MOUNT DESERT *versus* SEAVILLE.

A pauper whose settlement in a town was acquired by a residence in the part of it which was afterwards incorporated into a new town, but whose residence and home at the time of the division were in the part remaining, being then supported there by the town as a pauper, does not have a settlement in the new town by the act of incorporation.

FROM a statement of facts agreed by the parties, it appeared that the action was brought to recover for taxes paid, and for the support of one pauper whose settlement was admitted to be in Seaville. For these sums, amounting to $80,24, the defendants offer to be defaulted. The plaintiffs also claimed to recover a further sum for the support of Elias Bartlett and his wife, alleged to have their legal settlement in Seaville; and if that was their place of settlement, it was agreed that the plaintiffs should also recover the amount charged for their support.

Elias Bartlett and wife lived in that part of Mount Desert which is now Seaville, for twenty-five years or more preceding 1826 or 1827, at which time they became paupers, and were removed as such to the part of the town which is now Mount Desert, and have been supported there by the town of Mount Desert ever since.

In 1838, a part of Mount Desert was incorporated into a new town by the name of Seaville, the act of incorporation containing no provisions in respect to paupers, and leaving the

rights of the parties as they stand by the general laws of the State. At the time the act passed and went into effect, Bartlett and wife were supported as paupers by the town, in that part of it which still remains Mount Desert. Immediately preceding the incorporation of Seaville, Bartlett and wife had their legal settlement in the town of Mount Desert, which settlement was acquired in that part of Mount Desert which was incorporated into the town of Seaville, they having ever resided there until they were removed as paupers in 1826 or 1827, to that part which is now Mount Desert, and where they have ever since been supported as paupers.

*Hathaway*, for the plaintiffs, contended that by the provisions of the St. 1821, c. 122, § 2, sixth mode, the legal settlement of Bartlett and wife was in Seaville. As there were no stipulations respecting the support of paupers in the act of incorporation, the general laws must govern. *Great Barrington* v. *Lancaster*, 14 Mass. R. 253. The incorporation of a part of Mount Desert into a new town was a division of the town. As the paupers had gained a settlement on the territory now Seaville, and were paupers at the time of their incorporation, and their residence there was involuntary, it is to be considered as being where their legal settlement was. *Southbridge* v. *Charlton*, 15 Mass. R. 248 ; *Hallowell* v. *Gardiner*, 1 Greenl. 93 ; *Milo* v. *Kilmarnock*, 2 Fairf. 455. Being paupers, they gained no settlement by the act of incorporation different from that originally acquired in Seaville. *East Sudbury* v. *Waltham*, 13 Mass. R. 460. The incorporation of the town fixes there the settlement acquired in the new town, whether then within it or not. *St. George* v. *Deer Isle*, 3 Greenl. 390 ; *Groton* v. *Shirley*, 7 Mass. R. 156. The term *all persons*, in the statute, is limited to those who are capable of gaining a settlement in their own right. It has been so decided in regard to the fifth mode, and there is the same reason with respect to the sixth. *Hallowell* v. *Gardiner*, 1 Greenl. 93 ; *Milo* v. *Kilmarnock*, 2 Fairf. 455. It can make no difference, whether the paupers were supported as such in one part of the town or another. They had no residence of their own at the time of

the incorporation, and should be considered as if out of town, in which case it is clear that the paupers belong to Seaville. Or their home must be still in the last place where they resided voluntarily, and acquired their settlement, acting for themselves, which was in Seaville.

*Kent*, for the defendants, said that pauper laws were entirely arbitrary, and the only inquiry was, to which town, by the fair construction of the law, the paupers belonged. The defendants had no part of the property of the town, and there is no equity in favor of the plaintiffs beyond what exists in favor of the defendants. The paupers had their settlement in Mount Desert, and there it must remain, unless the plaintiffs show, that it was transferred to Seaville by the act incorporating that town. Seaville had no existence as a town prior to 1838, and of course was under no liabilities until then. No person within the town gained a settlement in Seaville by reason of its incorporation, unless he was in the new town at the time. *Hallowell* v. *Bowdoinham*, 1 Greenl. 129; *Sutton* v. *Dana*, 4 Pick. 117; *Fitchburg* v. *Wesiminster*, 1 Pick. 144. It makes no difference in which part of the town the settlement was gained. It is to be determined entirely by ascertaining in which he dwelt at the time the act was passed. They were already paupers of Mount Desert at the time of the division of the town, and not living in Seaville, but in Mount Desert, the settlement was not changed.

The opinion of the Court, (SHEPLEY J. being absent,) was drawn up by

WESTON C. J. — The act incorporating Seaville, containing no provision as to the settlement of paupers, their liability for their support must depend on the general law. By the statute of 1821, c. 122, § 2, under the sixth mode of gaining a settlement, it is provided, that upon the division of towns persons having a settlement therein, but removed therefrom at the time of the division, shall have their legal settlement in that town, wherein their former dwelling place or home shall happen to fall upon the division. This applies to a party, removed from

the town before such division, and having his home elsewhere. This case does not therefore fall under that clause. It is further provided, under the same mode, that all persons, settled in the town, before its division, and who shall actually dwell and have their homes, within the bounds of such new town, at the time of its incorporation shall thereby gain legal settlements in such new town. The liability of such town when incorporated, in regard to all settlements, not derivative, is limited to such as are thus provided for under the sixth mode.

At the time of the incorporation of Seaville, the paupers in question did not dwell or have their home within the bounds of the new town, nor had they done so for eleven years next preceding. This is decisive against the liability of Seaville, for their settlement, which was in Mount Desert, is not to be changed to the new town unless in the manner provided for under the sixth mode. That they had their home at a former period, within what has become the new town, does not vary the case. Nor is it material, under what circumstances they have resided in what has remained Mount Desert. If indeed they had there only a temporary residence, their home still remaining where it was before, the case might fall within the principle of some of the decisions cited for the plaintiffs. But it does not appear, that they had any inducement to return to their former residence. They had been town paupers for many years, having no home of their own, but availing themselves of such as was provided for them by the overseers of the poor. Upon the facts as agreed, we are of opinion that their settlement remained in Mount Desert, for which town judgment is therefore to be rendered, without including the amount incurred for their support. *Sutton* v. *Dana*, 4 Pick. 117, presents a case, not to be distinguished from the one before us.